EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
LEON W. WEIDMAN (California State Bar No. 104078)
STEVEN M. ARKOW (California State Bar No. 143755)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6975
    Facsimile: (213) 894-6269
    E-mail:    steven.arkow@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-512-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING OF DEFENDANT VILLABROZA |
| v. | |
| PRISCILLA VILLABROZA, | Hearing Date: June 20, 2016<br>Hearing Time: 9:00 a.m. |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California files the government's sentencing position for defendant Priscilla Villabroza.

    The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this

//

case, the Presentence Report, and such further evidence and argument as the Court may permit.

Dated: June 6, 2016                     Respectfully submitted,

                                        EILEEN M. DECKER
                                      United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        _____
                                        LEON W. WEIDMAN
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

TABLE OF CONTENTS

PAGE(S)

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.   INTRODUCTION......................................................1

II.  ANALYSIS OF THE SECTION 3553(a) FACTORS...........................3

     A.   18 U.S.C. § 3553(a)(1).......................................5

     B.   18 U.S.C. § 3553(a)(2).......................................8

     C.   18 U.S.C. § 3553(a)(6).......................................9

     D.   The Remaining Section 3553(a) Factors Also Support The
          Sentence Requested By The Government........................11

III. CONCLUSION.......................................................13

**TABLE OF AUTHORITIES**

**PAGE(S)**

**FEDERAL CASES**

Gall v. United States,
    552 U.S. 38, 128 S. Ct. 586 (2007)..............................10

United States v. Cantrell,
    433 F.3d 1269 (9th Cir. 2006)...................................4

United States v. Knows His Gun,
    438 F.3d 913 (9th Cir. 2006).................................... 4

United States v. Nichols,
    464 F.3d 1117 (9th Cir. 2006)................................... 4

United States v. Treadwell,
    990 F.3d 990 (9th Cir. 2010)..................................10

**FEDERAL STATUTES**

18 U.S.C. 1347 ..........................................passim

18 U.S.C. §§ 1956(a)(1)(b)(i).......................................1

18 U.S.C. §§ 1956(h).............................................1

18 U.S.C. § 3553(a)........................................ 4, 5, 13

18 U.S.C. § 3553(a)(1)..........................................3, 5

18 U.S.C. § 3553(a)(2)..........................................5, 8

18 U.S.C. § 3553(a)3............................................ 11

18 U.S.C. § 3553(a)(4)(5)........................................ 11

18 U.S.C. § 3553(a)(6).............................................9

18 U.S.C. § 3553(a)(7) ..........................................11

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On December 21, 2015, defendant Priscilla Villabroza ("defendant") pleaded guilty, pursuant to a plea agreement (ECF No. 144), to Count 13 (Health Care Fraud) of an Indictment filed on September 5, 2014 (ECR No. 1).  The Indictment charged defendant with thirteen counts of Health Care Fraud, in violation of 18 U.S.C. § 1347, one count of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(h); 2(b) and eight counts of concealment money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(b)(i).

The United States Probation Office issued its Presentence Report ("PSR") on March 10, 2016 (ECF No. 197).  In the PSR, the Probation Officer calculated a total offense level of 32, consistent with the plea agreement (ECF No.144), and a Criminal History Category of III, resulting in a guidelines range of 151 to 188 months. However the PSR (PSR ¶ 105) indicated the "guidelines term of imprisonment is 120 months" due to the 10-year statutory maximum sentence of 18 U.S.C. § 1347.  The PSR also calculated a restitution amount of $7,433,329 based on the plea agreement. The PSR calculated the offense level as follows: base offense Level at 6 pursuant to U.S.S.G. § 2B1.1(a)(2) (PSR ¶ 51), plus an increase of 18 based on the stipulated loss pursuant to U.S.S.G. § 2B1.1(b)(1)(J) (PSR ¶53), plus an increase of 3 based on that the offense involved a government health program with a stipulated lose exceeding $7 million pursuant to U.S.S.G. § 2B1.1(b)(7) (PSR ¶ 54), plus an upward adjustment of 4 based on defendant being an organizer pursuant to U.S.S.G. § 3B1.1(a) (PSR ¶ 57), plus an upward adjustment of 2 for abuse of a position of

public trust pursuant to U.S.S.G. § 3B1.3 (PSR ¶ 59), plus an upward adjustment of 2 for obstruction of justice pursuant to U.S.S.G. § 3C1.1 (PSR ¶ 60) and finally a downward adjustment of 3 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b) (PSR ¶¶ 63-64).

In the plea agreement (ECF No. 144), the parties agreed to a total offense level of 31, but the government reserved the right to argue -- and the defendant reserved the right to oppose -- additional specific offense characteristics for: (1) a two-level upward adjustment for fraud during the course of bankruptcy pursuant to U.S.S.G. § 2B1.1 (b)(9)(B);[1] and (2) a four-level upward adjustment for aggravating role pursuant to U.S.S.G. § 3B1.1(a).

The government agrees with the PSR calculations, consistent with the stipulation of the parties in the plea agreement, as to the base offense level and the upward adjustments related to the amount of loss, that the victims were government health agencies, the abuse of a position of trust and the downward adjustment for acceptance of responsibility.  The government hereby moves for: (1) a four-level upward adjustment for defendant's role as leader of this scheme to defraud and (2) the three-level downward adjustment for acceptance of responsibility.  The government therefore agrees with the PSR calculation of a total offense level of 32.  The government agrees to the Criminal History Category (III) and restitution calculations set forth in the PSR.  The government also believes that defendant should be required to pay a $100 special assessment.

---

[1] The government does not seek the adjustment for fraud during bankruptcy.  As noted below, defendant's resulting guidelines range exceeds the statutory maximum of 10 years based on the guidelines calculations without this enhancement.

The governments requests the Court imposes a 120-month custodial sentence, the maximum sentence allowed under 18 U.S.C. § 1347, which is significantly less than guidelines range of 151 to 188 months, to be followed by three years of supervised release, a restitution order in the amount of $7,433,329 and a $100 special assessment.

## II.  ANALYSIS OF THE SECTION 3553(a) FACTORS

Based on a total offense level of 32 and a Criminal History Category of III, the applicable Guidelines sentencing range in this case is 151-188 months.  However, the maximum incarceration allowed under the applicable statute is 10 years (120 months).

The seriousness of the overall scheme and defendant's role as organizer combined with the following aggravating circumstances: (a) she participated in this fraudulent scheme while serving a sentence for a previous conviction for health care fraud; (b) she defrauded the court in connection with the sentencing proceeding on her previous conviction; (c) her leadership role in the obstruction of the Medicare audit; and (d) the need to send a strong message of deterrence to those in defendant's positon who might contemplate involvement in future similar schemes, all weigh in favor of imposing a sentence of 10-years imprisonment.

In light of this, the government recommends a 120-month custodial sentence, followed by a three-year term of supervised release.

While not definitive, the Guidelines range provides the starting point for finding a reasonable sentence and must then be considered with the factors set forth in 18 U.S.C. § 3553(a).  See United States

v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006). "To comply with the requirements of Booker, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006) (quoting United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006)).

The Section 3553(a) factors are as follows:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;

2) The need for the sentence imposed –

   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) To afford adequate deterrence to criminal conduct;

   (C) To protect the public from further crimes of the defendant; and

   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The kinds of sentence and the sentencing range established for the offense and the defendant as set forth in the Sentencing Guidelines;

5) Any pertinent policy statement issued by the Sentencing Commission;

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to any victims of the offense.

<u>See</u> 18 U.S.C. § 3553(a).  The government believes that the factors set forth in 18 U.S.C. § 3553(a) compellingly suggest a 120-month sentence and that such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2), discussed further below.  18 U.S.C. § 3553(a).

**A.   18 U.S.C. § 3553(a)(1)**

18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant.  These factors warrant a sentence of 120-months imprisonment in this case.

Defendant pleaded guilty to one count of Health Care Fraud, in violation of 18 U.S.C. § 1347.  The plea agreement (ECF No. 144) and the PSR (ECF No. 197) describe the offense conduct showing defendant's culpability. This memorandum will therefore only summarize some of the key points in the evidence.

Defendant's crime was part of a large health care scheme to defraud Medicare that involved taking advantage of elderly Medicare beneficiaries to generate large volumes of fraudulent Medicare claims for medically unnecessary hospice services.  The scheme occurred over an extended period of multiple years and caused significant losses to Medicare, which, as any government program reliant on taxpayer funds, cannot afford such fraud and abuse of the honor system.  Defendant was the organizer and a leader of this scheme:

1. On August 15, 2007, federal agents searched defendant's previous business, Medcare Plus Home Health Provider's Inc. (Medcare Plus) and defendant learned she was under investigation for health care fraud and the payments of illegal kickbacks.
2. The current scheme began in November 2007 when defendant purchased California Hospice. Knowing she was under investigation for health care fraud at Healthcare Plus, defendant hid her ownership in California Hospice and conspired with co-defendants Sharon Patrow and Erwin Castillo to file fraudulent documents with Medicare, Medi-Cal, the State of California and the Internal Revenue Service concealing her ownership.
3. On August 19, 2008, defendant pled guilty to health care fraud in violation of 18 U.S.C. 1347 relating to her ownership and operation of Medcare Plus (CR 08-782 GAF).
4. After her conviction, defendant continued to hide her ownership in California Hospice and caused additional false documents relating to ownership to be filed with Medicare.

5. Between July 2009 and July 2011, defendant wrote checks from the California Hospice account to other bank accounts that defendant controlled under the names of other purported health care companies. These checks were frequently recorded as "Loans to/from Owner."

6. In July 2011, in connection with her sentencing in the Medcare Plus case (CR 08-782 GAF), defendant conspired with Patrow so that Patrow would submit a letter to the sentencing court falsely stating that defendant "has no ownership interest nor exercises any influence or control over California Hospice Care LLC."

7. While defendant was serving her sentence in the Medcare Plus case, she continued to secretly manage the operations of California Hospice.

8. Defendant paid illegal kickbacks to marketers who recruited Medicare and Medi-Cal beneficiaries. In fact, defendant paid many of the same marketers at California hospice to whom she paid illegal kickbacks at Medcare Plus. Before Medcare Plus closed, defendant would decide whether the beneficiary was to be signed for hospice care and California Hospice or for home health care at Medcare Plus.

9. Defendant knew that the recruited beneficiaries were not terminally ill and did not require hospice care. Defendant knew that the physicians paid by California Hospice fraudulently diagnosed and falsely certified that the beneficiaries were terminally ill.

10. When a Medicare contractor began sending Additional Development Requests (ADRs) to California Hospice in order to audit the patient files to determine whether the beneficiaries were, in fact, terminally ill, co-defendants Patrow and Castillo met with defendant in prison where she directed them to create and submit false and fraudulent medical records to the Medicare contractor in order to make it appear the beneficiaries were terminally ill.

11. Defendant stipulated that the resulting loss was $7,433,329.

Taking into account the extent of the fraud, the leadership role of the defendant, the role she played not only in the fraud on Medicare, but the fraud on this Court, given the history and characteristics of defendant and the nature of the allegations in this case, a sentence of 120 months imprisonment is appropriate.

**B.    18 U.S.C. § 3553(a)(2)**

18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to

8

protect the public from further crimes of defendant, and to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The government respectfully submits that a 120-month sentence (1) will appropriately reflect the seriousness of the offense and promote respect for the law; (2) will deter future criminal conduct from both the defendant and others without being greater punishment than necessary; and (3) will serve to protect the community.

As noted above, defendant stipulated to a loss of $7,433,329 as a result of her criminal conduct. In a time of ever-increasing health care costs, the draining caused by fraud is an unnecessary strain on an already taxed program, jeopardizing the continued viability of that program to provide health care to those most in need. Health care fraud costs Medicare billions of dollars nationwide and hundreds of millions in Los Angeles alone.

By requiring defendant to spend 120 months in custody, the Court will impress upon defendant and others the seriousness of her crime and will give defendant time to reconsider her actions in light of the consequences. Here, where defendant's a prior custodial sentence did not deter defendant from engaging in further Medicare fraud crimes, a more substantial term of imprisonment is particularly justified. A 120-month sentence also will deter defendant and others from engaging in health care fraud crimes in the future. In light of these considerations, a sentence of 120 months imprisonment is appropriate.

**C.   18 U.S.C. § 3553(a)(6)**

18 U.S.C. § 3553(a)(6) requires the Court to minimize sentencing disparity among similarly-situated defendants. One way of doing so

is to correctly calculate the Guidelines range. See <u>United States v. Treadwell</u>, 990 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also <u>Gall v. United States</u>, 552 U.S. 38, 54, 128 S. Ct. 586, 599 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

The government concurs that the PSR has correctly calculated the Guidelines offense level of 32 based on a four-level upward adjustment based on defendant's leadership role and a Criminal History Category of III. The applicable Guidelines sentencing range in this case is therefore 151-188 months. Even if the Court does not apply the four-level upward adjustment for aggravating role as an organizer as recommended in the PSR and requested by the government, the offense level would be 28. With Criminal History Category III, the guidelines range would then be 97-121 months. The government's recommended sentence is within that range. However, the government believes the evidence clearly establishes the leadership role of the defendant and therefore the four-level upward adjustment is appropriate.

Accordingly, a 120-month sentence for defendant is appropriate.

### D. The Remaining Section 3553(a) Factors Also Support The Sentence Requested By The Government

18 U.S.C. § 3553(a)3) requires the Court to consider the kinds of sentences available. Given the nature of defendant's offense any sentence that does not involve a substantial period in custody would not be appropriate here. In addition, the public interest in satisfying the other Section 3553(a) factors of obtaining a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant outweighs any interest in having defendant avoid time in custody.

18 U.S.C. § 3553(a)(4) and (5) require the Court to treat the Guidelines as merely "advisory" but to take them into consideration nonetheless, as the government has done herein and as the Probation Officer did in the PSR.

Finally, 18 U.S.C. § 3553(a)(7) requires the Court to consider the need to provide restitution to the victims of the offense. As previously noted, the Probation Officer has calculated a restitution amount for this case based on the plea agreement and the government agrees that this amount is correct and respectfully requests that the Court order defendant to pay $7,433,329 in restitution. However, the government suggests that the court delay issuing a restitution order specifying how amounts paid by defendant are to be credited taking into account any restitution order with respect to other defendants in the multiple related cases until all of the defendants are sentenced. Eight additional defendants are scheduled to be sentenced in four different related cases between June 13, 2016 and August 15, 2016. It is anticipated that several of the defendants will be

ordered to pay differing amounts of restitution, all relating to the same criminal conduct at California Hospice and the same victims (Medicare and Medi-Cal).  It will be helpful to the Clerk of the Court for the Court to issue one consolidated order in all of the cases after all the restitution is determined that will specify how payments by the various defendants are to be credited.  This will enable the Clerk of the Court to correctly carry out the intent of the Court when crediting restitution.  For example, are all defendants to be credited with payments of all of the defendants or are the payments of each defendant to be credited only to that defendant's account until either that defendant's restitution obligation is paid in full or until, adding the payment of all the defendants together, the largest restitution obligation is paid in full?  To illustrate the issue, suppose that the Court orders that defendant #1 pay $100 in restitution to Medicare and defendant #2 pay $1000 in restitution to Medicare.  Then, suppose that defendant #2 pays $200 to Medicare (less than the full amount of $1,000 ordered in restitution), does defendant #2's restitution payment of $200 satisfy the $100 restitution obligation of defendant #1 (meaning defendant #1 no longer needs to make restitution) or is defendant #1's obligation of $100 in restitution satisfied only if either: (a) defendant #1 pays $100; or (b) the payments of defendants #1 and #2 total $1,000.  The defendants and their current sentencing dates are:

     1.    <u>United States v. Ramon Parayno</u>, CR 15-548-SJO (On March 28, 2016, this Court sentenced Parayno to 12 months in custody.

     2.    <u>United States v. Kristen Castaneda</u>, CR 15-14-SJO (June 13, 2016)

3. <u>United States v. Janel Licayan</u>, CR 15-04-SJO (June 20, 2016)

4. <u>United States v. Priscilla Villabroza</u>, CR 14-512-SJO (June 20, 2016) (this case)

5. <u>United States v. Mubina Siddiqui</u>, CR 15-719-SJO (June 27, 2016)

6. <u>United States v. Erwin Castillo</u>, CR 15-18-SJO (July 25, 2016)

7. <u>United States v. Sharon Patrow</u>, CR 14-512-SJO (August 1, 2016)

8. <u>United States v. Nancy Briones</u>, CR 14-512-SJO (August 8, 2016

9. <u>United States v. Sri Wijegoonaratna</u>, CR 14-512-SJO (<u>August</u> 15, 2016)

10. <u>United States v. Boyao Huang</u>, CR 14-512-SJO (August 15, 2016).

## III. CONCLUSION

For all the foregoing reasons, the government respectfully requests that the Court adopt the following adjustments to defendant's offense level in accordance with the PSR: (a) reduce three levels based on defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b); and (b) increase four levels based on defendant's role pursuant to U.S.S.G. § 3B1.1(a).  The government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence that includes a 120-month term of imprisonment, a three-year period of supervised release, payment of a $100 special assessment, and payment of restitution in the amount of $7,433,329.